UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PUBLIC EMPLOYEES FOR
ENVIRONMENTAL RESPONSIBILITY,
et al.,

    Plaintiffs,

    v.

DAVID BERNHARDT, Acting Secretary of
the Interior,[1] et al.

    Defendants.

Civil Action No. 18-1547 (JDB)

**MEMORANDUM OPINION & ORDER**

    A collection of nonprofit organizations and individuals have brought this lawsuit to challenge the decision of the U.S. Fish and Wildlife Service ("FWS") to delist the Louisiana black bear pursuant to the Endangered Species Act, 16 U.S.C. § 1531, et seq. Plaintiffs assert standing to challenge the delisting decision because delisting the bear as a threatened species negatively affects their "organizations' members' aesthetic, scientific, and recreational interests." Compl. [ECF No. 1] ¶¶ 17–19.

    Safari Club International ("Safari Club"), a nonprofit organization that seeks "to protect the freedom to hunt and promote wildlife conservation worldwide," now seeks to intervene by right on behalf of its members as a defendant under Federal Rule of Civil Procedure 24(a)(2). Mot. to Intervene of Safari Club International ("Mot. to Intervene") [ECF No. 13] at 6–13; Decl. of Rew

---

[1] David Bernhardt, Acting Secretary of the Interior, is automatically substituted for Ryan Zinke, former Secretary of the Interior, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

R. Goodenow, Ex. 1 to Mot. to Intervene [ECF No. 13-1] ¶¶ 3, 5.[2]  Like plaintiffs, Safari Club claims an interest related to conservation of the Louisiana black bear.  Unlike plaintiffs, Safari Club asserts that conservation of the bear is best achieved through regulated hunting, not relisting it as a threatened species.  See Mot. to Intervene at 3–5.  Although Louisiana has not authorized a hunting season for the Louisiana black bear at this time, Safari Club members residing in Louisiana seek to keep the bear delisted because they want to hunt the Louisiana black bear at the first opportunity.  See, e.g., Decl. of Richard R. Kennedy III ("Kennedy Decl."), Ex. 4 to Mot. to Intervene [ECF No. 13-4] ¶ 9.  Safari Club members also state that if the population of Louisiana black bears is not managed through hunting, they fear a rise in "dangerous human/bear incidents" that will cause harm to themselves and members of their communities.  Decl. of Gregory Dale Elliott, Ex. 2 to Mot. to Intervene [ECF No. 13-2] ¶ 11.  Plaintiffs oppose the motion to intervene. See Pls.' Mem. of P. & A. in Opp'n to Safari Club Int'l's Mot. to Intervene ("Pls.' Opp'n") [ECF No. 18].

When determining whether a movant may intervene as of right under Rule 24(a), a court must consider four factors:

> (1) the timeliness of the motion; (2) whether the applicant claims an interest relating to the property or transaction which is the subject of the action; (3) whether the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest; and (4) whether the applicant's interest is adequately represented by existing parties.

---

[2] In the alternative, Safari Club seeks to intervene permissively under Rule 24(b)(1)(B) or to participate as amicus curiae. Id. at 13–15. Because the Court grants Safari Club's motion to intervene under Rule 24(a), the Court need not decide whether permissive intervention or participation as amicus curiae is appropriate.

Fund for Animals, Inc. v. Norton, 322 F.3d 728, 731 (D.C. Cir. 2003) (internal quotation marks and citation omitted).³  The parties agree that Safari Club timely filed its motion to intervene because dispositive motions have not yet been filed in this case.  Mot. to Intervene at 7; Pls.' Opp'n at 13.  The Court therefore finds the first factor for intervention to be met, and the Court need only resolve whether Safari Club has a legal interest that is likely to be impaired (factors two and three) and whether Safari Club's interest is already adequately represented by the government defendants in this case (factor four).

As to Safari Club's legal interest and the likelihood of impairment of that interest, Safari Club notes that if plaintiffs prevail in this lawsuit, the Louisiana black bear will return to "threatened species" status, which means that Louisiana "will not consider or authorize a black bear hunting season."  Mot. to Intervene at 7.  Relisting the bears would serve as a legal bar to Safari Club members' interest in managing the bear population through hunting.  Id. at 8 (quoting Kennedy Decl. ¶ 11).  Plaintiffs counter that the State has not authorized a hunting season, so, win or lose, Safari Club members will not be able to hunt Louisiana black bears at the conclusion of this case.  Pls.' Opp'n at 10.

Plaintiffs are correct that Safari Club members will not be able to hunt Louisiana black bears at the end of this lawsuit, even if defendants prevail.  But if defendants prevail, Safari Club members at least have a reasonable probability of managing the bears through hunting in the future.  It is not fanciful to believe that Louisiana might create such a hunting season: Louisiana already

---

³ An intervenor must also demonstrate that it has Article III standing. Id. at 731–32. Movants who lack standing are ineligible to intervene as of right. In re Endangered Species Act Section 4 Deadline Litig.–MDL No. 2165, 704 F.3d 972, 979 (D.C. Cir. 2013). However, as this Court recently noted, generally speaking, "the standing inquiry will fold into the underlying inquiry under Rule 24(a)" because "when a putative intervenor has a 'legally protected' interest under Rule 24(a), it will also meet constitutional standing requirements, and vice versa." Waterkeeper Alliance, Inc. v. Wheeler, Civ. No. 18-2230 (JDB), 2018 WL 7508437, at *3 (D.D.C. Jan. 29, 2019) (quoting Wildearth Guardians v. Salazar, 272 F.R.D. 4, 13 n.5 (D.D.C. 2010)).

permits regulated hunting of other species, and other States permit regulated hunting of black bears.  See Decl. of Melissa Evans Elliott, Ex. 3 to Mot. to Intervene [ECF No. 13-3] ¶¶ 7–8 (stating that declarant has hunted squirrel, turkey, rabbit, duck, and deer in Louisiana and black bear in Alaska).  However, if plaintiffs prevail, the relisting of the Louisiana black bear on the threatened species list will serve as a complete bar on Safari Club's pursuit of its preferred conservation approach.  When a species is listed as "threatened" under the Endangered Species Act, it is unlawful for any person to hunt the species.  Safari Club Int'l v. Jewell, 960 F. Supp. 2d 17, 30–31 (D.D.C. 2013).  Safari Club's intervention in this case also "comport[s] with efficiency and due process," as it potentially avoids the filing of duplicative lawsuits.  Cook v. Boorstin, 763 F.2d 1462, 1468 (D.C. Cir. 1985); see also Nuesse v. Camp, 385 F.2d 694, 700 (D.C. Cir. 1967).  The Court is satisfied that Safari Club and its members have a legal interest that is likely to be impaired if plaintiffs prevail, and the second and third factors of Rule 24(a) are met.[4]

As to whether Safari Club's interests are adequately represented by the federal agency defendants, Safari Club explains that "[w]hile Safari Club may share some common interests with Federal Defendants, the obligations of the Federal Defendants to their larger constituencies make it impossible for them to provide representation that will protect the unique and possibly divergent interests of Safari Club and its members."  Mot. to Intervene at 11.  Plaintiffs argue that this case will not address the specific issue of whether Louisiana will permit a hunting season and that Safari

---

[4] Safari Club is a repeat player as a defendant-intervenor in support of its conservation and hunting interests in a variety of cases involving challenges to FWS rules.  See Friends of Animals v. Jewell, 82 F. Supp. 3d 265, 269–70 (D.D.C. 2015) (noting Safari Club's intervention as defendant-intervenor in case challenging designations of antelope species under Endangered Species Act); Humane Soc'y of the United States v. Jewell, 76 F. Supp. 3d 69, 75 & n.2 (D.D.C. 2014) (noting Safari Club's intervention as part of Hunter Conservation Coalition in case involving challenge to FWS decision delisting grey wolf from Endangered Species Act).

Club "has not identified any distinct, relevant arguments unique to the organization or its members concerning the delisting decision." Pls.' Opp'n at 11–12.

The standard for determining adequacy of representation is a lower bar than plaintiffs make it out to be.  The D.C. Circuit has "stressed that even when the interest of a federal agency and potential intervenor can be expected to coincide, 'that does not necessarily mean [ ] adequacy of representation is ensured for purpose of Rule 24(a)(2).'" Crossroads Grassroots Policy Strategies v. Fed. Election Comm'n, 788 F.3d 312, 321 (D.C. Cir. 2015) (quoting Natural Res. Def. Council v. Costle, 561 F.2d 904, 912 (D.C. Cir. 1977)).  Rather, it is enough to say that representation "may" be inadequate, a showing that the Supreme Court has characterized as "minimal." Trbovich v. United Mine Workers of Am., 404 U.S. 528, 538 n.10 (1972).  Here, Safari Club's interests overlap with—but are narrower than—the interests of FWS.  FWS must consider the interests of a broad field of constituents, which could lead it to make decisions that conflict with Safari Club's more focused interest.  Accordingly, FWS may not adequately represent Safari Club's interests, and this factor for intervention is met.

Hence, upon consideration of Safari Club's motion to intervene, plaintiffs' opposition, and the entire record herein, the Court finds that Safari Club may intervene under Rule 24(a) of the Federal Rules of Civil Procedure.  Accordingly, it is hereby

**ORDERED** that [13] Safari Club's motion to intervene is **GRANTED**; it is further

**ORDERED** that Safari Club shall be added to this action as defendant-intervenor for all purposes; it is further

**ORDERED** that the Clerk of Court shall docket Safari Club's proposed answer to the complaint [ECF No. 13-7] forthwith; it is further

**ORDERED** that the October 16, 2018, scheduling order continues to govern the schedule of proceedings in this case; and it is further

**ORDERED** that Safari Club shall file any cross-motion for summary judgment and reply in support of that motion according to the schedule set for "defendants" in this Court's October 16, 2018, scheduling order.

**SO ORDERED.**

/s/<br>
JOHN D. BATES<br>
United States District Judge

Dated: <u>March 22, 2019</u>